UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP BLACKWOOD,

                Plaintiff,

-against-

OSSINING POLICE DEPARTMENT; LUIS RINALDI, OSSINING POLICE OFFICER; OFFICER PAVONE, OSSINING POLICE OFFICER; SAMTUCHI, OSSINING POLICE OFFICER,

                Defendants.

20-CV-5435 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently incarcerated in the Westchester County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging excessive force, false arrest, and a pattern of harassment by members of the Ossining Police Department. By order dated September 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**STANDARD OF REVIEW**

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A. Ossining Police Department

Plaintiff's claims against the Ossining Police Department must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint*

*Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the Village of Ossining, the Court construes the complaint as asserting claims against the Village of Ossining and directs the Clerk of Court to amend the caption of this action to replace the Ossining Police Department with the Village of Ossining. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the Village of Ossining may wish to assert.

**B.    Service on the Village of Ossining and on Ossining Police Officers Luis Rinaldi, Samtuchi, and Pavone**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the Village of Ossining and on Ossining Police Officers Luis Rinaldi, Samtuchi, and Pavone through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Ossining Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) The Clerk of Court is directed to add the Village of Ossining as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the Village of Ossining, and Ossining Police Officers: Luis Rinaldi, Samtuchi, and Pavone, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 19, 2021
       White Plains, New York

                                                             CATHY SEIBEL
                                                            United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Village of Ossining
   Corporation Counsel
   16 Croton Avenue
   Ossining, New York 10562

2. Ossining Police Officer Luis Rinaldi
   Ossining Police Department
   Birdsall-Fagan Police Court Facility
   86-88 Spring Street
   Ossining, New York 10562

3. Ossining Police Officer Samtuchi
   Ossining Police Department
   Birdsall-Fagan Police Court Facility
   86-88 Spring Street
   Ossining, New York 10562

4. Ossining Police Officer Pavone
   Ossining Police Department
   Birdsall-Fagan Police Court Facility
   86-88 Spring Street
   Ossining, New York 10562